IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH STAR ALASKA HOUSING CORP., | ) | |
| Plaintiff, | ) | No. 04-1396C |
| v. | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 that plaintiff is "an Alaska corporation with its principal offices at 937 Harvard Avenue East, Seattle, Washington 98012" for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. The allegations contained in the first sentence of paragraph 4 that "this is an action for breach of contract" constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in paragraph 4 to the extent

supported by the lease and the statute cited, which is the best evidence of its contents.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute plaintiff's characterization of its case and of the relief that it seeks, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contracting officer's decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the Request for Proposals cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the proposals cited,

which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 10. Admits the allegations contained in the second sentence of paragraph 10 to the extent supported by the contract award cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 10. Admits the allegations contained in the third sentence of paragraph 10 (including its sub-parts) to the extent supported by the contract documents cited, which are the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. The allegations contained in the last sentence of paragraph 11 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 to the extent supported by the memoranda and work authorizations cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 12.

13. Admits.

14. Admits the allegations contained in paragraph 14 to the extent supported by plaintiff's October 10, 2003 letter requesting a contracting officer's decision regarding carpet replacement and sealing in Units 711, 1048, and 813, which is the best evidence of plaintiff's October 10, 2003 request; otherwise denies the allegations contained paragraph 14.

15. Admits the allegations contained in the first sentence of paragraph 15 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 15. The allegations contained in the second sentence of paragraph 15 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in paragraph 16 that the Government did not authorize replacement of the carpet during change of occupancy of units 717, 613, 1153, and 1254; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by plaintiff's October 27, 2003 letter requesting a contracting officer's decision regarding carpet replacement and sealing in Units 717, 613, 1153, and 1254, which

is the best evidence of plaintiff's October 27, 2003 request; otherwise denies the allegations contained paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 18. The allegations contained in the second sentence of paragraph 18 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in the first clause of the first sentence of paragraph 19; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20. Denies the allegations contained in the second sentence of paragraph 20.

21. Admits.

22. Admits the allegations contained in paragraph 22 to the extent supported by plaintiff's October 28, 2003 letter requesting a contracting officer's decision regarding upper hall and stairway carpet replacement in Unit 1227, which is the best evidence of plaintiff's October 28, 2003 request; otherwise denies the allegations contained paragraph 22.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 23. The allegations contained in the second sentence of paragraph 23 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

24. Denies the allegations contained in the first sentence of paragraph 24. Admits the allegations contained in the second sentence of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by plaintiff's October 28, 2003 letter requesting a contracting officer's decision regarding vinyl replacement in Unit 701, which is the best evidence of plaintiff's October 28, 2003 request; otherwise denies the allegations contained paragraph 25.

26. Admits the allegations contained in the first sentence of paragraph 26 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 26. The allegations contained in the second sentence of paragraph 26 constitute plaintiff's characterization of its case, to which no

answer is required; to the extent that they may be deemed allegations of fact, they are denied.

27. Admits the allegations contained in paragraph 27 to the extent supported by the work authorization cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28 because the allegation is unclear.

29. Admits the allegations contained in paragraph 29 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contracting officer decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Denies the allegations contained in the first sentence of paragraph 31. Denies the allegation contained in the second sentence of paragraph 31 that the Government issued unit 640 to North Star for maintenance and repair work, avers that the Government issued unit 604 to North Star for maintenance and repair work, and denies the allegation contained in the second sentence of paragraph 31 that countertops were occupant-damaged;

otherwise admits the allegations contained in the second sentence of paragraph 31.

32. Admits.

33. Admits the allegations contained in paragraph 33 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Denies.

35. Admits the allegations contained in paragraph 35 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in the first and second sentences of paragraph 37. Denies the allegations contained in the third sentence of paragraph 37.

38. Admits the allegations contained in the first sentence of paragraph 38. Denies the allegations contained in the second sentence of paragraph 38.

39. Admits the allegations contained in the first sentence of paragraph 39. Admits the allegations contained in the

second sentence of paragraph 39 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in the first sentence of paragraph 43. Denies the allegation contained in the second sentence of paragraph 43 that the carpet was occupant-damaged; otherwise admits the allegations contained in the second sentence of paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the letter cited, which is the best evidence

of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 46.

47. Admits the allegations contained in the first sentence of paragraph 47 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 47. Denies the allegation contained in the second sentence of paragraph 47 that inspectors noted occupant damage; otherwise admits the allegations contained in the second sentence of paragraph 47. Denies the allegations contained in the third sentence of paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained in the first and second sentences of paragraph 49 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 49. The allegations contained in the third and fourths sentences of paragraph 49 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the first clause of the fifth sentence of paragraph 49 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first clause of the fifth sentence of paragraph 49. The allegations contained in the second clause of the fifth sentence of paragraph 49 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

50. Admits.

51. Admits the allegations contained in paragraph 51 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in the first sentence of paragraph 52 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 52. Denies the remaining allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. Admits the allegations contained in paragraph 53 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits the allegations contained in the first sentence of paragraph 54 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54. The allegations contained in the second sentence of paragraph 54 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

55. Admits the allegations contained in the first and second sentences of paragraph 55 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 55. Denies the remaining

allegations contained in paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. Admits the allegations contained in paragraph 56 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57. Admits the allegations contained in the first sentence of paragraph 57 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 57. The allegations contained in the second sentence of paragraph 57 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

58. Admits the allegations contained in the first and second sentences of paragraph 58 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 58. Denies the remaining allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. Admits the allegations contained in paragraph 59 to the extent supported by the letter cited, which is the best evidence

of its contents; otherwise denies the allegations contained in paragraph 59.

60. Admits the allegations contained in the first sentence of paragraph 60 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 60. The allegations contained in the second sentence of paragraph 60 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

61. Admits the allegations contained in the first and second sentences of paragraph 61 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 61. Denies the remaining allegations contained in paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62. Admits the allegations contained in paragraph 62 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Admits the allegations contained in the first sentence of paragraph 63 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the

allegations contained in the first sentence of paragraph 63. The allegations contained in the second sentence of paragraph 63 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

64. Admits the allegations contained in the first sentence of paragraph 64. Denies the allegation contained in the second sentence of paragraph 64 that the reduction "included rent deductions for multiple months, including May, August, October, and December 2002, as well as May and October 2003" and avers that the reduction included rent deductions for two months: August and September 2003; otherwise admits the allegations contained in the second sentence of paragraph 64. Denies the allegations contained in the third sentence of paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Admits the allegations contained in paragraph 65 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 65.

66. Admits the allegations contained in the first and second sentences of paragraph 66 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and

second sentences of paragraph 66. The allegations contained in the third sentence of paragraph 66 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

67. Admits the allegations contained in the first clause of paragraph 67. Admits the allegations contained in the second clause of paragraph 67 to the extent supported by the work authorizations cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second clause of paragraph 67.

68. Admits the allegations contained in the first sentence of paragraph 68. Denies the allegation contained in the second sentence of paragraph 68 that the Government does not give North Star five days to accomplish cleaning; otherwise admits the allegations contained in the second sentence of paragraph 68.

69. Admits the allegations contained in paragraph 69 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 69.

70. Admits the allegations contained in the first sentence of paragraph 70 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 70. The

allegations contained in the second sentence of paragraph 70 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

71. Admits.

72. Admits.

73. Denies the allegation contained in the first sentence of paragraph 73 that the carpet was occupant-damaged; otherwise admits the allegations contained in the first sentence of paragraph 73. Admits the allegations contained in the second sentence of paragraph 73. Denies the allegations contained in the third sentence of paragraph 73.

74. Admits.

75. Admits the allegations contained in the first and second sentences of paragraph 75 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 75. The allegations contained in the third sentence of paragraph 75 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

76. Admits the allegations contained in the first sentence of paragraph 76 to the extent supported by the lease cited, which

is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 76. The allegations contained in the second sentence of paragraph 76 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 constitute plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

78. Admits.

79. Admits the allegations contained in the first sentence of paragraph 79 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 79. The allegations contained in the second sentence of paragraph 79 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

80. Admits the allegations contained in the first sentence of paragraph 80 to the extent supported by the lists cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 80.

Admits the allegations contained in the second and third sentences of paragraph 80.

81. Admits.

82. Admits the allegations contained in the first sentence of paragraph 82 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 82. The allegations contained in the second sentence of paragraph 82 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

83. Denies.

84. Denies.

85. Admits.

86. Admits the allegations contained in the first sentence of paragraph 86 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 86. The allegations contained in the second sentence of paragraph 86 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

87. Admits the allegations contained in paragraph 87 to the extent supported by the memoranda cited, which are the best

evidence of their contents; otherwise denies the allegations contained in paragraph 87.

88. Admits the allegations contained in paragraph 88 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 88.

89. Denies the allegations contained in paragraph 89 that "[o]n September 22 and 29, 2003, North Star received Maintenance Issue forms" for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remaining allegations contained in paragraph 89 to the extent supported by the forms cited, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 89.

90. Admits.

91. Admits the allegations contained in paragraph 91 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 91.

92. The allegations contained in paragraph 92 constitute plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

93. Admits.

94. Admits the allegations contained in paragraph 94 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 94.

95. Admits the allegations contained in the first sentence of paragraph 95 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 95. Denies the allegations contained in the second sentence of paragraph 95.

96. Denies the allegations contained in the first sentence of paragraph 96 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 96 to the extent supported by the writings cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 96. Denies the allegations contained in the third sentence of paragraph 96 that "[t]he Government has never provided this requested information" and that "[reductions to] North Star's monthly rent payment [] diminished the value of North Star's property;" otherwise admits the allegations contained in the third sentence of paragraph 96.

97. The allegations contained in the last clause of paragraph 97 constitute plaintiff's characterization of its case,

to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in paragraph 97 to the extent supported by the lease, Court order, and letter cited, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 97.

98. Denies the allegations contained in the first sentence of paragraph 98. Admits the allegations contained in the second sentence of paragraph 98 that "[t]he Contracting Officer has repeatedly refused to issue Contracting Officer Decisions because he contended that to do so would implicate the same allegations in pending cases;" otherwise denies the allegations contained in the second sentence of paragraph 98.

99. Defendant's responses to paragraphs 1 through 98 of the complaint are incorporated by reference.

100. The allegations contained in paragraph 100 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

102. Defendant's responses to paragraphs 1 through 101 of the complaint are incorporated by reference.

103. The allegations contained in paragraph 103 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

104. The allegations contained in paragraph 104 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

105. The allegations contained in paragraph 105 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

106. Defendant's responses to paragraphs 1 through 105 of the complaint are incorporated by reference.

107. The allegations contained in paragraph 107 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

108. Denies that plaintiff is entitled to the relief requested in paragraph 108.

109. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 108, or to any relief whatsoever.

110. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7644

OF COUNSEL
WILLIAM. M. EDWARDS
Assistant District Counsel
United States Army Corps of Engineers
Alaska District

October 29, 2004

Attorneys for Defendant

Certificate of Filing

I hereby certify that on October 29, 2004, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Donald E. Kinner