IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH STAR ALASKA HOUSING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1396C |
| v. | ) | |
| | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

North Star Alaska Housing Corp. asserts jurisdiction pursuant to 28 U.S.C. § 1491, et seq. and 41 U.S.C. § 601, et seq. At this time, the United States knows of no reason to question the Court's jurisdiction to entertain requests that plaintiff, North Star Housing Corp., makes for interpretation of a lease that it entered into with the Government. The United States, however, questions whether the Court possesses jurisdiction to entertain, in its entirety, North Star's prayer for "[d]amages in an amount to be determined at trial," because some of the claims that North Star has submitted to the contracting officer relating to this case do not state sums-certain.

b. Should the case be consolidated with any other case and the reasons therefor?

The Court has determined that this case will not be consolidated with Case Nos. 98-168C, 02-1632C, and 03-2699C.

c. Should the trial of liability and damages be bifurcated and the reasons therefor?

The trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor?

For the reasons set forth in paragraph b, further proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

A remand or suspension will not be sought.

f. Will additional parties be joined?

Additional parties will not be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

Neither party, at this time, intends to file a motion pursuant to RCFC 12(b), 12(c), or 56.

h. What are the relevant factual and legal issues?

The parties identify the following factual and legal issues:

Whether the Government has violated a Lease for Birchwood Homes, entered into between North Star and the Government on November 6, 1987, for the purpose of Army housing by (1) diminishing the value of North Star's asset by refusing to authorize necessary maintenance; (2) reducing North Star's rent; (3) assessing downtime against North Star; (4) misusing the acceptance inspection; (5) depriving the Contracting Officer's Representative of independence; and (6) dealing with North Star in bad faith.

Defendant's identification of those factual and legal issues is not meant to imply concession upon any of those issues, or their subparts. In addition, defendant identifies the following factual and legal issues:

Whether the Court possesses jurisdiction to entertain North Star's prayer for "[d]amages in an amount to be determined at trial," to the extent that North Star has not submitted to the contracting officer claims that state sums-certain.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Plaintiff considers that this case may be amenable to settlement, particularly after resolution of Nos. 98-168C, 02-1632C, and 03-2699C. Defendant does not, at this stage, expect that this case will be settled, or that alternative dispute resolution would be productive, but will continue to consider the potential for both during the course of discovery and further proceedings in Case Nos. 98-168C, 02-1632C, and 03-2699C.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

The parties anticipate that the case will proceed to trial, do not request an expedited trial scheduling, and request Fairbanks or Anchorage, Alaska, the location of witnesses, as the place for trial.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

There is no other information of which the Court should be aware at this time.

Discovery Plan:

Discovery in Case Nos. 98-168C, 02-1632C and 03-2699C closes on March 18, 2005, and the Court has ordered that trial commence in those cases not later than the beginning of August 2005. In view of those schedules, the parties propose December 31, 2005, as the deadline for fact discovery in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
by s/Donald E. Kinner
DAVID M. COHEN
Director

s/Paul Wesley Killian
PAUL WESLEY KILLIAN
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave. NW
Washington, DC 20036
Suite 400
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202)955-7788

Attorney for Plaintiff

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL:
WILLIAM. M. EDWARDS
Assistant District Counsel
United States Army Corps of
Engineers
Alaska District

Attorneys for Defendant

December 20, 2004

Certificate of Filing

I hereby certify that on December 20, 2004, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail