APPENDIX

# INDEX TO APPENDIX

Letter from Eldon Wartes to Harold Hopson, Oct. 10, 2003, Re: Carpet Replacement Units 711, 1048, 813 . . . . . . . . . . . 1

Letter from Eldon Wartes to Harold Hopson, Oct. 10, 2003, Re: COR Conflict of Interest . . . . . . . . . . . . . . . . . . 3

Letter from Eldon Wartes to Harold Hopson, Oct. 27, 2003, Re: Carpet Replacement and Sealing Units 717, 613, 1153, 1254 . 4

Letter from Eldon Wartes to Harold Hopson, Oct. 28, 2003, Re: Unit 1227 Upper Hall and Stairway Carpet . . . . . . . . . . 5

Letter from Eldon Wartes to Harold Hopson, Oct. 28, 2003, Re: Unit 701 Vinyl Replacement . . . . . . . . . . . . . . . . . 6

Letter from Eldon Wartes to Harold Hopson, Nov. 17, 2003, Re: Rent Payments Withheld by the Government . . . . . . . . . . 7

Letter from Eldon Wartes to Harold Hopson, Dec. 9, 2003, Re: Decision on Cleaning Downtime . . . . . . . . . . . . . . . . 8

Letter from Eldon Wartes to Harold Hopson, Dec. 10, 2003, Re: October 2003 Rent Abatement . . . . . . . . . . . . . . . . . 9

Letter from Eldon Wartes to Harold Hopson, Dec. 22, 2003, Re: Units 604 and 1150 Countertop Replacement . . . . . . . . 10

Letter from Eldon Wartes to Harold Hopson, Jan. 21, 2004, Re: Flood Damage to Unit 952 . . . . . . . . . . . . . . . . . 11

Letter from Eldon Wartes to Harold Hopson, Feb. 12, 2004, Re: November and December 2003 Rent Abatement . . . . . . . . . 13

Letter from Eldon Wartes to Harold Hopson, Mar. 2, 2004, Re: January 2004 Rent Abatement . . . . . . . . . . . . . . . . 14

Letter from Eldon Wartes to Harold Hopson, Mar. 8, 2004, Re: Carpet Replacement in Unit 863 . . . . . . . . . . . . . . . 15

Letter from Eldon Wartes to Harold Hopson, Mar. 31, 2004, Re: February 2004 Rent Abatement . . . . . . . . . . . . . . . 17

Letter from Eldon Wartes to Harold Hopson, Apr. 12, 2004, Re: Acceptance Inspections - Notification . . . . . . . . . . . 18

Letter from Eldon Wartes to Harold Hopson, Apr. 12, 2004,
Re: Occupant and Government Responsibility Items . . . . . . . 19

Letter from Eldon Wartes to Harold Hopson, Apr. 12, 2004,
Re: Non Possession Charges . . . . . . . . . . . . . . . . . . 20

Letter from Eldon Wartes to Harold Hopson, June 28, 2004,
Re: Unit 807 Downtime Charge . . . . . . . . . . . . . . . . . 21

1060 7th Infantry Division Lo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.co

EPOA-OC

2003 OCT 17 AM 11: 27

October 10, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: **Request for Contracting Officer's Decision on Carpet Replacement and Sealing – Units 711, 1048, 813**

Dear Mr. Hopson:

During the inspections of units 711, 1048, and 813, the Government's housing inspector and I detected pet stains in all rooms of each unit. However, the Birchwood Housing Manager stated "no sealing required" on the maintenance memos and work authorizations issued to North Star for these units. Accordingly, on September 13, 2003, North Star requested that the contracting officer's representative (COR) make a determination with respect to the necessity of occupant damaged carpet replacement and sealing in units 711, 1048, and 813, and financial responsibility with respect thereto. Please note that North Star's site manager offered to assist the COR with pulling back the carpets during his inspection.

The COR responded, by letter dated September 15, 2003, denying the presence of pet damage in units 813 and 1048, stating that sealing was unnecessary, and noting that there were no occupant charges for sealing the floors. However, since the COR did not pull back the carpet during his inspection, and because urine was clearly present in those units, by letter dated September 16, 2003, North Star requested that the COR reconsider his response (and noted that whether or not the Government elects to charge an occupant for pet damage is irrelevant to whether such damage is present). The COR responded by letter dated September 17, 2003, stating that upon re-inspection of units 813 and 1048 (during which North Star pulled back the carpets), he detected the smell of urine in unit 813 but not unit 1048 and that the Government would work authorize the sealing of the downstairs flooring in unit 813. Urine odor, though not as strong as in unit 813, was clearly present in all of unit 1048.

Because urine was clearly present in the upstairs of unit 813 as well, North Star wrote to the COR again, on September 17, 2003, on this issue. The COR responded on September 22, 2003, stating that neither he nor the Quality Assurance (QA) inspector detected urine in the upstairs carpet. The COR went on to state that he and the QA inspector detected urine odor in all 4 bedrooms of unit

North Sta
Alaska
Housing Corpora

A Fischer Properties Company

1060 7th Infantry Division Loo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.cor

711, but not in any other areas of the unit. The letter did not address financial responsibility for unit 711, although North Star did receive a work authorization for the sealing of the bedroom floors, but not for the other affected areas of that unit.

We believe that the Government has instituted a practice of refusing to acknowledge the presence of pet damage in an effort to shirk its financial responsibility for carpet replacement and floor sealing. Indeed, the presence of pet damage in units 711, 1048, and 813 was verified by both North Star and the Government's housing inspector during their inspections of the units, as well as by Jeff Howard, John Michael Miller, and Adam Gintilas, who performed the carpet removal/replacement in units 813 and 1048. *See* Affidavits of Jeff Howard, John Michael Miller, and Adam Gintilas respecting units 813 and 1048.

North Star requests a Contracting Officer's Decision on (1) the necessity for replacement of c arpet in all areas of units 711, 1 048, and 813 due to occupant damage and (2) the financial responsibility for all such replacements which have not been work authorized by the Government, as well as the sealing necessitated by the occupant damage. We have retained the carpet removed from these units for your inspection, and will make them available to you upon your requests.

Sincerely,

Eldon Wartes

cc: Rodney Everett
Connie Kiser
Mae Harrell

North Star Alaska Housing Corporat

A Fischer Properties Company

1066 7th Infantry Division Loo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

October 10, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: **Request for Contracting Officer's Decision on Contracting Officer's Representative (COR) Conflict of Interest**

Dear Mr. Hopson:

On September 22, 2003, the Government provided "Maintenance Issue" forms to North Star which were signed by Rodney Everett (COR) as the Government representative for Birchwood Housing Manager, Connie Kiser. On September 29, 2003, two more of these forms were issued to North Star signed by Rodney Everett as the Government representative.

In prior correspondence, you have stated that the COR shall act in a way that avoids the appearance of a conflict of interest. If the COR is permitted to act as the Government representative for these purposes, North Star is effectively deprived of its ability to seek Mr. Everett's independent opinion on disputed items.

Accordingly, North Star requests a contracting officer's decision as to Mr. Everett's ability to provide independent assessments of disputed issues under the Lease while acting as a Housing representative.

Sincerely,

Eldon Wartes

cc: Connie Kiser
Mae Harrell

North Star Alaska Housing Corporation

A Fischer Properties Company

4th Infantry Division R
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.c

October 27, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: **Request for Contracting Officer's Decision on Carpet Replacement and Sealing – Units 717, 613, 1153 and 1254**

Dear Mr. Hopson:

Units 717, 613, 1153, and 1254 contain pet stained carpet throughout for which the Government has refused to work authorize replacement and sealing.

On October 10, 2003, we requested a Contracting Officer's decision on carpet replacement and sealing for units 711, 1048 and 813, in which pet stains were detected but replacement and sealing was not work authorized by the Government. As stated in the October 10 request, the Government appears to have instituted a practice of refusing to acknowledge the presence of pet damage in an effort to shirk its financial responsibility for carpet replacement and floor sealing. We believe this practice has also been applied to units 717, 613, 1153, and 1254.

Accordingly, North Star requests a Contracting Officer's decision on (1) the necessity for replacement of carpet and sealing in all areas of units 717, 613, 1153 and 1254 due to occupant damage and (2) the financial responsibility for all such replacements and sealing in these units, which have not been work authorized by the Government.

Sincerely,

Eldon Wartes

cc: Rodney Everett
Connie Kiser
Mae Harrell

North Star Alaska Housing Corporation
A Fischer Properties Company

1066 7th Infantry Division Lo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.co

October 28, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: **Request for Contracting Officer's Decision on Unit 1227 Upper Hall and Stairway Carpet Replacement**

Dear Mr. Hopson:

The Birchwood Housing Manager (BHM) requested replacement of the upper hall and stairway carpet in occupied unit 1227 subsequent to repair of the upper hall bath toilet tank (not the toilet bowl), which had leaked fresh potable water onto the upper hall and stairway carpet.

The carpet in unit 1227 had been replaced in 1999. All parties agree that this carpet in unit 1227 became stained with pet urine. Thus, when fresh water leaked from the toilet tank, the urine-stained carpet took on a strong odor. As explained by North Star to the BHM, but for the pet urine damage, the fresh, potable water from the toilet tank would not have caused any foul odor, nor would it have warranted carpet replacement and sub-floor sealing.

By letter dated October 7, 2003, North Star wrote to the BHM that it was still expecting reimbursement for the replacement of the pet damaged carpet in unit 1227. The BHM responded, disapproving reimbursement to North Star.

North Star requests a Contracting Officer's decision regarding the financial responsibility for the replacement of pet damaged carpet in unit 1227.

Sincerely,

Eldon Wartes

cc: Rodney Everett
Connie Kiser
Mae Harrell

North Star Alaska
Housing Corporati

A Fischer Properties Company

1060 24th Infantry Division Lo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.co

October 28, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: **Request for Contracting Officer's Decision on Unit 701 Vinyl Replacement**

Dear Mr. Hopson:

The Birchwood Housing Manager is requiring replacement of occupant damaged vinyl (downstairs bath, master bath and dining room) in unit 701 without work authorizing reimbursement to North Star. This vinyl contains multiple high heel shoe holes throughout, necessitating replacement, which is clearly not normal fair wear and tear. If not for these shoe holes, replacement of this vinyl would not be necessary. Note that North Star accepted financial responsibility for replacement of the entry and kitchen vinyl due to their non-pleasing appearance.

North Star requests a Contracting Officer's decision regarding the financial responsibility for the vinyl replacement in the downstairs bath, master bath, and dining room of unit 701.

Sincerely,

Eldon Wartes

cc: Rodney Everett
Connie Kiser
Mae Harrell

North Star Alaska Housing Corporati

A Fischer Properties Company

1066 7th Infantry Division Loop
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

November 17, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: Request for Contracting Officer's Decision on Rent Payments Withheld by the Government

Dear Mr. Hopson:

Beginning in February 2002, the Government began deducting rent from North Star's monthly payments under the Lease. To date, the Government has deducted $159,482.80 in rent payments, with $95,988.38 being deducted from the October, 2003 rent payment for alleged excessive downtime in August and September, 2003 (totaling $44,310.72 and $51,677.66 respectively).

Although North Star has informed the Government time and again that North Star's records do not support the excess downtime calculated by the Government and has requested an explanation of the Government's calculations, the Government has continued to impose monthly rent deductions on North Star without any such explanation. Moreover, the Government appears to be calculating its rent deductions contrary to the terms of the Lease.

In addition, contrary to the terms of the Lease, pursuant to which any alleged liquidated damages are to be calculated on a monthly basis, the Government has been applying rent deductions for multiple months to a single month's rent. The Government engaged in this practice for the months of May, August, October and December, 2002, as well as for May and October 2003. As a result of the $95,988.38 reduction in the October, 2003 rent payment, North Star has insufficient funds to pay the escrow holder to meet the tax or insurance reserves.

North Star requests a Contracting Officer's decision on the Government's rent deductions taken to date, including the Government's method of calculating the deduction amount, whether the implied duty of good faith and fair dealing permits the Government to deduct rent based on the terms of the Lease, and the Government's actions of deducting multiple months' rent from a single month's rent payment.

Sincerely,

Eldon Wartes

cc: Rod Everett
Mae Harrell

North Star Alaska Housing Corporation

A Fischer Properties Company

1066 7th Infantry Division Loop
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

December 9, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: Request for Contracting Officer's Decision on Cleaning Downtime

Dear Mr. Hopson:

The Birchwood Housing Manager (BHM) requested that North Star perform cleaning for units 1254, 1098, 806 and 619. We do not understand why the Government is not using its own cleaning contractor.

The BHM has stated on the work authorizations for these units that North Star is authorized a maximum of one and a half to three hours for cleaning and given one additional downtime day per the Change of Occupancy Maintenance Issue form (which lists "Major Work To Be Accomplished").

North Star requests a Contracting Officer's Decision to determine if North Star will be given the amount of time that is determined by North Star to do the work and that North Star's downtime allowance will be adjusted accordingly to complete the change of occupancy work based upon North Star's determination of downdays required to do the work.

Please note that the contract with the Government's cleaning contractors allows five days to accomplish any amount of cleaning and to our knowledge they have not been restricted to three hours or less to accomplish even a partial cleaning.

Sincerely,

Eldon Wartes
Site Manager

cc: Mae Harrell
Rod Everett

North Star Alaska Housing Corporation
A Fischer Properties Company

1606 Air Infantry Division Loop
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

December 10, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: **Request for Contracting Officer's Decision on Rent Payment Withheld by the Government – October 2003 Rent Abatement**

Dear Mr. Hopson:

We are in receipt of your letter dated November 24, 2003 regarding alleged excess downtime for October 2003 in which you state $31,948.31 will be deducted from North Star's next rental payment. Note that we did not receive notification of this deduction until after it occurred. We do not agree with what appears to be inflated calculations by the Government of 329.5 excess downtime days for October 2003. North Star's records do not support the excess downtime calculated by the Government, which appears to have calculated the rent deduction contrary to the terms of the Lease.

North Star requests a Contracting Officer's decision on the propriety of the Government's deduction of $31,948.21 from North Star's rent based on the Government's calculation of October 2003 downtime, including the propriety of the Government's method of calculating the deduction amount.

Sincerely,

Eldon Wartes

cc: Rod Everett
Mae Harrell

CEPOA-OC
2003 DEC 11 AM 1:47

North Star Alaska Housing Corporation
A Fischer Properties Company

Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

December 22, 2003

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: Request for Contracting Officer's Decision on Units 604 and 1150 Countertop Replacement

Dear Mr. Hopson,

Units 604 and 1150 were issued to North Star for maintenance and repair work without a work authorization for the required replacement of occupant damaged countertop (four sections of countertop – 25 feet and 26 feet, respectively).

As stated in my letters to Mr. Everett dated December 10, 2003 regarding the above units, the damage could not have occurred as a result of normal wear and tear. Moreover, North Star records reflect work authorized repairs for occupant damage during prior changes of occupancy. This December 10th letter requested that Mr. Everett perform an inspection and provide a determination as to the financial responsibility for replacement.

Mr. Everett's December 12, 2003 letter states that although the Government records show prior work authorized repairs due to occupant damage, countertop replacements are the responsibility of North Star due to the failure of previous repairs. North Star strongly disagrees with Mr. Everett's determination. If not for the past occupant damage to these countertops, replacement would not be necessary. Also, note that North Star objected to these prior repairs preferring replacement in anticipation of the poor future appearance of such repairs. The Government insisted on the repair of this occupant damage.

As stated in the Contracting Officer's Decision dated January 31, 2003, Lease Annex C. Section C.1.(s) requires the Government to reimburse North Star for repairs or replacement necessitated through occupant damage and that "if a portion of countertop in a room has been damaged by the occupant, and the damaged portion cannot be repaired to match the existing countertop, then the Government is financially responsible for the replacement of as much countertop as necessary to ensure that all countertop in the room matches."

We do not agree that proper correction of prior occupant damages are our financial responsibility. Therefore, North Star requests a contracting officer's decision as to whether replacement of these countertops are due to occupant damage, thereby the financial responsibility of the Government.

Sincerely,

Eldon L Wartes

Eldon Wartes

cc: Connie Kiser
Mae Harrell
Rodney Everett

North Star Alaska Housing Corporation

A Fischer Properties Company

MTS # 030140.

1066 7th Infantry Division Lo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.co

CEPOA-OC

2004 JAN 28 PM 4: 20

January 21, 2004

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: **Request for Contracting Officer's Decision on Flood Damage to Unit 952**

Dear Mr. Hopson:

Unit 952 was issued to North Star on (date) for change of occupancy maintenance ("COM"). As stated in my letter dated December 12, 2003, when North Star entered the unit on (date) to perform COM, we found the unit had sustained flood damage while in the Government's exclusive possession and control. The cause of the flood damage was a frozen drain line from the master toilet.

During the Government's November 20, 2003 cleaning inspection – 3 weeks prior to the unit being turned over to North Star for COM – the Government's quality assurance inspector saw a note left by the cleaning contractor stating that there was a problem with the master bathroom toilet. This problem was never brought to North Star's attention. Furthermore, it is apparent that upon discovery of the problem with the master bathroom toilet, the Government did not take the correct action to completely shut off the water supply to the unit, which would have prevented the flooding.

After North Star informed the Government of the damage, Housing agreed to remove the unit from change of occupancy maintenance issuance and requested that North Star repair the unit 952 water damage. By letter dated December 12, 2003, North Star requested a work authorization to perform the repair work requested by the Government.

Although the cause of the water damage was known, North Star received a letter from the Contracting Officer's Representative (COR) dated December 23, 2003 stating that the "cause of the leak has yet to be determined" and that an investigation was underway. Then, in a letter dated January 9, 2004, the COR stated that the "damages occurring in this unit can only be attributed to an act of God" and thus were North Star's financial responsibility. In addition, the COR stated that repairs to this unit were to be made pursuant to Section D.6 of the Lease – which pertains to repairs and restoration for fire damage and other occurrences resulting in the need for restoration – and that rental payments to North Star would stop while North Star conducted the restoration and repairs.

North Star Alaska
Housing Corporati



MTS# 230833

A FISCHER PROPERTIES COMPANY

1066 7th Infantry Division Lc
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.co

We strongly disagree with the COR's determination that the flooded toilet in Unit 952 is an "act of God" that should be repaired in accordance with Lease provisions respecting fire damage and other restoration events, and consider this damage to be Government-caused damage for which the Government is financially responsible pursuant to Section C.1(s) of the Lease. The problem was predictable and easily preventable, and the Government was responsible for communicating to North Star the need for maintenance attention in unit 952 while that unit was under the Government's exclusive possession and control. However, North Star was never informed about the frozen drain. Although we did not agree, North Star has previously been informed by the Government that North Star employees are not allowed to enter any unit in the Government's possession before the unit is turned over to North Star for change of occupancy maintenance or after it has been turned back to the Government. Thus, entirely ensuring preventative maintenance for units in the Government's possession is the Government's responsibility. Furthermore, the Government is aware of its responsibility to inspect vacant units in its possession for preventative maintenance, especially during the winter months, per previous discussion with Housing. Indeed, by letter dated December 19, 2003, attached hereto as Exhibit 1, we wrote to Ms. Harrell respecting her acknowledgement on November 18, 2003 of the need to have the Government inspect vacant units to address any maintenance items, and are still awaiting a response.

What is this?

For the reasons set forth above, North Star requests a contracting officer's decision to determine (1) whether or not the flooding damage to unit 952 is attributable to an "act of God" or a result of the Government's failure to ensure that the unit was properly maintained when the unit was in its exclusive possession and control and (2) whether the Government shall continue to make rental payments to North Star while North Star conducted repairs on the unit.

Sincerely,

Eldon E Wartes

Eldon Wartes
Site Manager

cc: Rod Everett
Mae Harrell
Connie Kiser

North Star Alaska Housing Corporati

A Fischer Properties Company

1060 7th Infantry Division Loo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.con

February 12, 2004

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: Request for Contracting Officer's Decision on Rent Payment Withheld by the Government – November & December 2003 Rent Abatement

Dear Mr. Hopson:

We are in receipt of Mr. Everett's letter dated January 23, 2004 regarding alleged excess downtime for November and December 2003 in which you state $6,389.41 will be deducted from North Star's next rental payment. We do not agree with what appears to be inflated calculations by the Government of 26.5 and 39 excess downtime days for November and December 2003, respectively. North Star's records do not support the excess downtime calculated by the Government, which appears to have calculated the rent deduction contrary to the terms of the Lease. Note that the Government's worksheets, attached to this January 23rd letter, again continue to contain errors.

North Star requests a Contracting Officer's decision on the propriety of the Government's deduction of $6,389.41 from North Star's rent based on the Government's calculation of November and December 2003 downtime, including the propriety of the Government's method of calculating the deduction amount.

Sincerely,

[signature]

Eldon Wartes

cc: Rod Everett
Mae Harrell
Connie Kiser

North Star Alaska Housing Corporati

A Fischer Properties Company



MTS #232011

1066 7th Infantry Division Lo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.co

March 2, 2004

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: Request for Contracting Officer's Decision on Rent Payment Withheld by the Government – January 2004 Rent Abatement

Dear Mr. Hopson:

We are in receipt of Mr. Everett's letter dated February 20, 2004 regarding alleged excess downtime for January 2004 in which he states $4,898.98 will be deducted from North Star's next rental payment. We do not agree with what appears to be inflated calculations by the Government of 48.5 excess downtime days for January 2004. North Star's records do not support the excess downtime calculated by the Government, which appears to have calculated the rent deduction contrary to the terms of the Lease. Note that the Government's worksheets, attached to this February 20th letter, again continue to contain errors.

North Star requests a Contracting Officer's decision on the propriety of the Government's deduction of $4,898.98 from North Star's rent based on the Government's calculation of January 2004 downtime, including the propriety of the Government's method of calculating the deduction amount for January 2004.

Sincerely,

Eldon Wartes

cc: Rod Everett
Mae Harrell
Connie Kiser

North Star Alaska
Housing Corporati

A Fischer Properties Company



MTS #

1060 7th Infantry Division Lo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.co

March 8, 2004

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: Request for Contracting Officer's Decision on Carpet Replacement in Unit 863

Dear Mr. Hopson:

By letter dated December 24, 2003, attached hereto, North Star requested a contracting officer's representative's determination regarding the cause of carpet replacement in unit 863 and financial responsibility with respect thereto. Mr. Everett responded by letter dated December 29, 2003, attached hereto, that certain carpet and pad replacements were at the Government's cost, and that for certain replacements the Government would accept 50% responsibility. Mr. Everett concluded his letter by stating he would apprise the Housing Office of his determination.

Although North Star disagreed with the Government accepting only partial versus full responsibility for these replacements, North Star wrote to Connie Kiser by letter dated February 13, 2004, attached hereto, because North Star had not yet received a new or updated work authorization reflecting Mr. Everett's determination that at least some of the replacements were the Government's financial responsibility. Ms. Kiser responded by memorandum dated February 18, 2004 that she would seek clarification from Mr. Everett on this unit.

Then, by letter dated February 20, 2004, Mr. Everett wrote that the statement in his December 29 letter that carpet in the stairway and landing were the Government's responsibility (in light of the Lease requirement for matching kind) was in error. Note that in the 1998 and 2000 inspections, both North Star and Government inspectors noted occupant damage stains in these areas and the Government chose not to replace the carpet in those years.

However, even with Mr. Everett's retraction of his statement that replacement of the carpet in the stairway and landing are the Government's responsibility, pursuant to Mr. Everett's December 29 letter, the Government is responsible for replacement of:

- 50% of the living room carpet due to fraying;
- the upstairs hallway carpet due to bleach stains;

North Star Alaska Housing Corporation
A Fischer Properties Company

MTS# 231953

Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

- the carpet and pad in bedroom #2 due to occupant damage;
- and any replacement the Government orders in bedroom #3, as replacement is not warranted by the condition of the carpet.

However, to date the Government has failed to issue work authorizations for the above items. Accordingly, North Star requests a Contracting Officer's decision on whether the Government must issue a work authorization consistent with Mr. Everett's findings that portions of carpet and pad replacement in unit 863 are the Government's responsibility.

North Star also disagrees with portions of Mr. Everett's determinations:

- With respect to living room carpet, Mr. Everett states that there is extensive wear in high traffic areas. We disagree, as there is some wear, but it is not extensive and in itself does not warrant replacement. Replacement of the living room carpet is warranted by the occupant-caused frayed section (which appears to be a hole dug by a pet), and thus the Government should bear 100% responsibility for replacement.
- Mr. Everett states that the carpet on the stairs does not require replacement despite the fact that there is a bleach stain. We disagree.

Accordingly, North Star requests a Contracting Officer's decision on these Contracting Officer Representative determinations with which North Star disagrees.[1]

North Star would be happy to share its evidence of documented damages obtained from North Star and Government's inspections.

Sincerely,

Eldon Wartes

cc: Connie Kiser
Rod Everett

[1] The issue of which party bears responsibility for matching surfaces adjacent to replaced surfaces is currently being litigated before the Court of Federal Claims. However, it remains North Star's position that the Government is responsible for such replacements, in accordance with the Lease and with the Contracting Officer's Decision dated January 31, 2003. In addition, the Government appears to be applying depreciation, which is also currently an issue before the Court of Federal Claims. North Star maintains its position that the Government's application of depreciation is not permitted under the Lease.

North Star Alaska Housing Corporat

A Fischer Properties Company

Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.c

March 31, 2004

Mr. Harold D. Hopson
Chief Real Estate Division Contracting Officer
Department of the Army
U.S. Army Engineer District, Alaska
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Re: <u>Request for Contracting Officer's Decision on Rent Payment Withheld by the Government – February 2004 Rent Abatement</u>

Dear Mr. Hopson:

We are in receipt of Mr. Everett's letter dated March 26, 2004 regarding alleged excess downtime for February 2004 in which he states $4,895.05 will be deducted from North Star's next rental payment. We do not agree with what appears to be inflated calculations by the Government of 47 excess downtime days for February 2004. North Star's records do not support the excess downtime calculated by the Government, which appears to have calculated the rent deduction contrary to the terms of the Lease. Note that the Government's worksheets, attached to its March 26th letter, again continue to contain errors, including the omission of an additional 3 days of downtime allowed for unit 1147 per memorandum from Ms. Kiser dated March 17, 2004. In addition, note that the Government charged 6 downdays for this unit in January 2004 when the unit was issued on the last working day of that month.

North Star requests a Contracting Officer's decision on the propriety of the Government's deduction of $4,895.05 from North Star's rent based on the Government's calculation of February 2004 downtime - including the Government's method of calculation - especially in light of Ms. Kiser's March 17th memorandum acknowledging the need for additional downtime for the repair of occupant caused damages.

Sincerely,

Eldon L Wartes

Eldon Wartes

cc: Rod Everett
Mae Harrell
Connie Kiser

North Star Alaska Housing Corporation

A Fischer Properties Company

MTS# 232535

April 12, 2004

1066 7th Infantry Division Loop
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

Mr. Harold Hopson
U.S. Army Corps of Engineers
Alaska District
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

**Re: Government Actions Respecting Acceptance Inspections - Notification**

Dear Mr. Hopson:

The spreadsheet appended to the March 26, 2004 letter from the contracting officer's representative (COR), Mr. Everett, states – falsely – that North Star is in "non Compliance with the lease requirements" by "not attend[ing] the acceptance inspections as required by the lease, therefore corrections which could be made at that inspection delay the actual acceptance." Contrary to the Government's contention, it is the Government who is in non-compliance with the Lease by not providing North Star with any notification, verbal or written, of when acceptance inspections will take place.

Section C.2.(a) of the Lease requires these inspections to be conducted by the Government "jointly with the Developer . . . at a time that is mutually agreeable." Rather, and in violation of the Lease, the Government Quality Assurance (QA) inspector spends 2 to 3 hours performing inspections whenever he feels like doing so, without notifying North Star. As we have stated previously, we want to attend acceptance inspections, precisely because many of the items identified as in need of correction could be corrected while the acceptance inspection is taking place, and in less time than it takes the QA inspector to perform the inspection. Because the Government does not notify North Star of when acceptance inspections are taking place, North Star is unable to correct deficiencies concurrently with the acceptance inspection. Thus, it is not North Star that causes additional downtime to accrue, rather, the Government is using this action to delay acceptance and cause additional downtime to accrue.

North Star requests a Contracting Officer's Decision on whether the Government is required or not required to provide North Star notification of the time of the acceptance inspection. In addition, if the Government changes the time of the inspection, is it required or not required to give North Star notice under Section C.2.(a) of the Lease?

Sincerely,

Eldon L Wartes

Eldon Wartes
Site Manager

cc: Rod Everett
Connie Kiser

North Star Alaska Housing Corporation

A Fischer Properties Company

1606 7th Infantry Division Loo
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

April 12, 2004

Mr. Harold Hopson
U.S. Army Corps of Engineers
Alaska District
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

**Re: Government Actions Respecting Acceptance Inspections – Occupant and Government Responsibility Items**

Dear Mr. Hopson:

Certain Government actions respecting the Quality Assurance (QA) inspector's acceptance inspections are causing additional downtime to accrue which is not the fault of North Star.

The QA inspector continues to put occupant responsibility self-help items and Government responsibility items on the deficiency list generated at the acceptance inspection even though, under the lease, North Star is not responsible for these items. Both the QA inspector and Ms. Kiser have been informed of these items. Ms. Kiser has stated that if we correct these items without a work authorization, we will not be reimbursed, and if we do not correct them, additional downtime will accrue. When the Government deliberately puts North Star in this position, we regard this as an act of bad faith.

North Star requests a Contracting Officer's Decision on whether or not the Government may include occupant responsibility and self-help or Government responsibility items on the deficiency list generated at the acceptance inspection. If the Contracting Officer finds the Government may include these items on the deficiency list, North Star requests a Contracting Officer's Decision on whether the Government must issue a work authorization for these items when it gives a deficiency list to North Star and whether the time for correction of these items can or cannot be used to assess downtime against North Star.

Sincerely,

Eldon L Wartes

Eldon Wartes
Site Manager

cc: Rod Everett
Connie Kiser

North Star Alaska Housing Corporation

A Fischer Properties Company

1066 7th Infantry Division Loop
Fairbanks, Alaska 99703
Telephone 907 • 356 • 1616
Facsimile 907 • 356 • 1575
Email nsah@polarnet.com

937 Harvard Avenue East
Seattle, Washington 98102
Telephone 206 • 328 • 2000
Facsimile 206 • 328 • 4000
Email fischerprop@seanet.com

April 12, 2004

Mr. Harold Hopson
U.S. Army Corps of Engineers
Alaska District
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

**Re: Government Actions Respecting Acceptance Inspections – Non Possession Charges**

Dear Mr. Hopson:

Certain Government actions respecting the Quality Assurance (QA) inspector's acceptance inspections are causing additional downtime to accrue which is not the fault of North Star:

1) After North Star returns units to the Government, the Government deliberately waits until the next half day to perform the initial acceptance inspection, because, as Connie Kiser has stated, "they can."

2) After North Star performs corrections identified at the acceptance inspections, the Government deliberately waits until the next half day to examine North Star's corrections.

During the times the units are in the Government's exclusive possession and control, downtime has continued to accrue.

North Star requests a Contracting Officer's Decision on whether the Government can charge North Star with downtime days when North Star does not have the unit in its possession and control.

Sincerely,

Eldon Wartes
Site Manager

cc: Rod Everett
Connie Kiser

North Star Alaska Housing Corporation

A Fischer Properties Company

1066 7th Infantry Division Loop
Fairbanks, Alaska 99703
Telephone: 907.356.1616
Facsimile: 907.356.1575
nsah@acsalaska.net

937 Harvard Avenue East
Seattle, Washington 98102
Telephone: 206.328.2000
Facsimile: 206.328.4000
fisherprop@fisherproperties.com

June 28, 2004

Mr. Harold Hopson
U.S. Army Corps of Engineers
Alaska District
P.O. Box 6898
Elmendorf AFB, Alaska 99506-6898

Subject: Request for Contracting Officer's Decision on Unit 807 Downtime Charge

Dear Mr. Hopson:

We sent a letter to Ms. Kiser dated June 1, 2004 regarding seven downdays erroneously charged to North Star for unit 807.

As described in our letter, after North Star completed all change of occupancy maintenance and repair work for unit 807 and turned the unit back to the Government, the Government agreed that carpet replacement was required. The Government then issued the unit back to North Star for the sole purpose of replacing occupant damaged carpet. The Government charged seven downdays for replacing this occupant caused damaged carpet. There should have been no downdays charged.

In her Memorandum dated June 9th, Ms. Kiser contends that this replacement of occupant damaged carpet was accomplished during change of occupancy and was change of occupancy maintenance. We disagree. This work was not originally included in maintenance or repair work when this unit was issued to North Star.

North Star requests a contracting officer's decision regarding the Government's charge to North Star for these additional seven downdays.

Sincerely,

Eldon L Wartes

Eldon Wartes
Site Manager

North Star Alaska Housing Corporation

Cc: Connie Kiser
Rodney Everett

FISCHER PROPERTIES