IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH STAR ALASKA HOUSING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1396C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY UPON PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, the United States, has not requested that the Court dismiss any of the non-monetary claims that plaintiff, North Star Alaska Housing Corp. ("North Star"), raises in this action. Rather, the Government requests that the Court dismiss for lack of subject matter jurisdiction fourteen claims for monetary relief that North Star raises in this action but has not presented to the contracting officer.

In this case brought pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, et seq., it does not matter that North Star, in its response to our motion to dismiss, may have calculated its damages upon some of the monetary claims that we have requested be dismissed. Cf. Metric Constr. Co., Inc. v. United States, 14 Cl. Ct. 177, 180 (1988) ("That Metric is now able to state its sum-certain claims [does] not vest jurisdiction in this Court over Metric's Barracks Contract claim."). For the Court to possess jurisdiction to entertain a monetary claim, a contractor must have submitted to the contracting officer a clear

and unequivocal statement that gives adequate notice of the amount of that claim. See Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed. Cir. 2003). Even pursuant to Metric Construction Co., Inc. v. United States, 1 Cl. Ct. 383, 391 (1983) (emphasis added), "the amount claimed must be stated in a manner which allows for reasonable determination of the recovery available at the time the claim is presented and/or decided by the contracting officer." The reason is that when a claim seeks a particular amount and the contracting officer finds entitlement to the amount sought, the contracting officer can settle the claim. Metric Constr., 14 Cl. Ct. at 179. "When, however, no specific amount or an open-ended amount is sought, the contracting officer cannot settle the case by awarding the contractor the amount sought." Id. (emphasis added).

If a claim to the Court presents a monetary claim not presented to the contracting officer, the claim subverts the statutory purpose of requiring contractors first to submit their claims to the contracting officer to allow the contracting officer to receive and pass judgment upon the contractor's entire claim. See Scott Timber, 333 F.3d at 1366. North Star does not demonstrate that, with respect to the matters that we identified in our motion, it stated in its submissions to the contracting officer that it was requesting any of the amounts it now identifies, or even that it presented in those submissions to the

contracting officer the materials from which it now calculates its alleged damages. Therefore, regardless of what the contracting officer might have known or been able to discover from materials other than materials submitted to him by North Star in support of a particular claim, the contracting officer could not have settled the matters presented by those submissions by meeting a demand for payment of a specific amount. For example, where North Star requested determinations of "financial responsibility" (Appendix To Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction ("Def. App.") 2, 4-6, 10), North Star requested determination of who was financially responsible, not that North Star receive any specific amount of money. Cf. Metric Constr., 1 Cl. Ct. at 387-88, 393 (holding that "[t]he fee amount sought [in claim to contracting officer], i.e., 7.5 percent, was clearly stated").

To turn to the claims that are the subject of our motion to dismiss, first, North Star's complaint at least implies that North Star seeks monetary damages allegedly arising from flood damage in Unit 952 (see Complaint ("Compl.") ¶¶ 37-42, 101, 105); the cleaning of Units 1254, 1098, 806, and 619 (see id. ¶¶ 67-70, 101, 105); the Government's failure to provide North Star notice of acceptance inspections of Birchwood units (see id. ¶¶ 76-79, 101, 105); the Government's inclusion of occupant damage and "self help" items on deficiency lists generated as the result of

acceptance inspections (see id. ¶¶ 80-82, 101, 105); the Government's delay in conducting acceptance and corrections inspections of Birchwood units (see id. ¶¶ 83-86, 101, 105); and the contracting officer's representative's lack of independence (see id. ¶¶ 87-94, 101, 105). In its response to our motion, North Star appears to disclaim any claim for monetary damages for those matters. Opposition To Defendant's Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction ("Pl. Opp.") at 10-14. To the extent, however, that the complaint implies monetary claims for those matters, the Court should dismiss those monetary claims for failure (Def. App. 3, 8, 11-12, 18-20) to request a specific monetary amount in the claims presented to the contracting officer.

Second, North Star seeks monetary damages allegedly arising from carpet replacement and sealing in Birchwood Homes Units 711, 1048, and 813 (Compl. ¶¶ 12-15, 101, 105); carpet replacement in Units 717, 613, 1153, and 1254 (id. ¶¶ 16-18, 101, 105); carpet replacement in Unit 1227 (id. ¶¶ 19-23, 101, 105); vinyl replacement in Unit 701 (id. ¶¶ 24-26, 101, 105); and countertop replacement in Units 604 and 1150 (id. ¶¶ 31-36, 101, 105). Citing to pages of its appendix and, for some claims, also to a "List of Repair Costs," North Star argues that the contracting officer had other information from which a monetary amount for each claim could have been calculated. Pl. Opp. at 4-8. North

Star, however, did not refer to those materials in its claims to the contracting officer. Def. App. 1-2, 4-6, 10. It does not demonstrate that those materials were part of any submission it made to the contracting officer in support of its claims or, indeed, that it ever submitted them to the contracting officer, as opposed to the Government in general. Even if it had submitted those materials to the contracting officer, North Star's requests for contracting officer's decisions (Def. App. 1-2, 4-6, 10) do not reflect how, specifically, the contracting officer was to use those materials to calculate a specific monetary amount. Cf. Metric Constr., 1 Cl. Ct. at 388, 393 (holding that, in claim to contracting officer, "7½ indemnity fee which we are incurring in conjunction with change orders or other contract modifications pursuant to the agreement dated January 18, 1980" was a "clearly stated" amount). And although North Star states that it had submitted invoices totaling specific amounts (Pl. Opp. at 5-8), it does not expressly state that any specific amount constitutes the amount it requested of the contracting officer for any particular claim. The Court should dismiss those claims for failure to request a specific monetary amount in the claims presented to the contracting officer.

Third, North Star seeks monetary damages allegedly arising from carpet replacement in Unit 863. Compl. ¶¶ 43-51, 101, 105.

Citing to pages 33-36 and 96 of the appendix (a page of the contracting officer's decision), North Star argues that the contracting officer had other information from which a monetary amount could have been calculated. Pl. Opp. at 8-9. North Star did not refer to those materials in its claim to the contracting officer. Def. App. 15-16. Although it demonstrates that pages 35 and 36 of the appendix were before the contracting officer when he issued his decision, it does not expressly state that any specific amount constitutes the amount it requested of the contracting officer for carpet replacement in Unit 863. The Court should dismiss North Star's claim for monetary damages allegedly arising from carpet replacement in Unit 863 for failure to request a specific monetary amount in the claim presented to the contracting officer.

Fourth, North Star seeks monetary damages allegedly arising from carpet replacement in Unit 807. Compl. ¶¶ 71-75, 101, 105. It does not, however, dispute that its request to the contracting officer (Def. App. 21) for a decision "regarding the Government's charge to North Star for [an] additional seven downdays" for time spent replacing the carpet in Unit 807 did not request a specific monetary amount, nor does it attempt to calculate that amount. Pl. Opp. at 9. Even if the contracting officer did possess the "BAQ plus VHA average daily lease costs for each calendar day in excess of the allowable downtime" that North Star alludes to

(id.), North Star's request for a contracting officer's decision (Def. App. 21) did not state that an amount represented by the additional seven days' downtime constituted a total amount claimed, such that the matter could be settled by payment of that amount. The Court should dismiss North Star's claim for monetary damages allegedly arising from carpet replacement in Unit 807 for failure to request a specific monetary amount in the claim presented to the contracting officer.

Fifth, although North Star does not dispute that it did not present a claim that the Government has diminished the value of Birchwood Homes in any of the requests for contracting officer's decisions that are the predicate for this case, it implies that the Court possesses jurisdiction to entertain such a claim based upon knowledge that it argues the Government possessed regarding the alleged diminution of the value of Birchwood Homes. Pl. Opp. at 9-10. Regardless of any such knowledge upon the part of the Government, because that claim was not presented to the contracting officer in any of the requests for contracting officer's decisions that are the predicate for this case, the Court should dismiss North Star's claim (Compl. at 4, 20 ¶ 95, 21 ¶ 97), that the Government has diminished the value of Birchwood Homes.

The monetary claims that we have requested be dismissed subvert the CDA because North Star did not present them to the

contracting officer. The Court, therefore, does not possess jurisdiction to entertain those claims. For the foregoing reasons and those set forth in our motion, the Court should grant our motion to dismiss the fourteen monetary claims referenced in that motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

Attorneys for Defendant

OF COUNSEL
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps of Engineers
Galveston District

September 28, 2006

Certificate of Filing

I hereby certify that on September 28, 2006, a copy of the foregoing Defendant's Reply Upon Plaintiff's Opposition To Defendant's Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail